**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-1810

HONG TANG,

Plaintiff - Appellant,

v.

THE UNIVERSITY OF BALTIMORE; KURT L. SCHMOKE; JOSEPH S. WOOD; DARLENE BRANNIGAN SMITH; KATHLEEN ANDERSON; CHRISTY LEE KOONTZ; PATRIA DE LANCER JULNES,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:18-cv-02200-JKB)

Submitted: December 15, 2020                    Decided: January 5, 2021

Before WYNN, FLOYD, and RICHARDSON, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Hong Tang, Appellant Pro Se. Lillian Lane Reynolds, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hong Tang filed a complaint against the University of Baltimore and various of its employees. On December 21, 2018, the district court granted the Defendants' motion to dismiss. On appeal, we determined that the district court lacked subject matter and/or personal jurisdiction to consider the Defendants' arguments as to the merits of the complaint. Thus, we modified the district court's order to show that the dismissal was based on jurisdictional grounds and was without prejudice and affirmed as modified. *Tang v. Univ. of Baltimore*, 782 F. App'x 254 (4th Cir. 2019), *cert. denied,* 140 S. Ct. 2765 (2020). On June 19, 2020, Tang filed a Fed. R. Civ. P. 60(b) motion in the district court. On June 24, the district court returned Tang's motion without filing it, noting that the case was closed on December 21, 2018. Because the motion was returned and not filed, only the first page of the motion was retained in the record. Tang now appeals.

We review a district court's decision to strike a pleading for abuse of discretion. *United States v. Ancient Coin Collectors*, 899 F.3d 295, 312 (4th Cir. 2018). Here, the district court struck the motion because the case was closed in 2018. However, a Rule 60(b) motion must be filed, by definition, after the entry of the district court's final order. Accordingly, we find that the administrative closing of the case was not a sufficient reason for refusing to file Tang's motion for reconsideration. As such, we conclude that the district court abused its discretion.

Therefore, without expressing an opinion on the merits of Tang's motion, we vacate the district court's order and remand for filing and consideration of the motion. We dispense with oral argument because the facts and legal contentions are adequately

2

presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*